*Thomas* for the plaintiff, *Johnston* for the defendant.

———◦+◦———

### CURTIS vs. GRAHAM.

APPEAL from the court of the sixth district.

MARTIN, J· delivered the opinion of the court. This case was remanded from this court, at last September term—12 *Martin*, 380. On the return of it, the plaintiff filed a supplemental petition, stating that she originally had claimed the recovery of a certain house and improvements, of which the defendant had wrongfully possessed himself. She now claimed $3000, the value of the improvements, on the promise of the defendant, that if she would give up the premises he would pay the value of said improvements; alleging that she had given up part of the premises, viz: the kitchen, &c.; and the defendant had taken possession of the rest; and she averred the improvements to be worth $3000.

The defendant pleaded the general issue, and denied the plaintifl's right to recover on

*When a cause is remanded, the plaintiff may restrict his claim by a supplemental petition.*

West'n District
Sept. 1823.

CURTIS
vs.
GRAHAM.

her own statement. There was a verdict against him for $500, and he appealed.

The quantum of damages found by the jury does not appear to us to exceed the value of the improvements, and although her first petition was for the recovery of the premises, we believe, she may well, by the supplemental one, have restricted her claims to the damages which the defendant agreed to pay, viz: the value of the improvements. She avers she gave up part of the premises, and the defendant took possession of the rest. His possession of the whole is proven, and rendered it useless that the plaintiff should give up what was already in the defendant's possession.

It is therefore ordered, adjudged and decreed, that the judgment be affirmed with costs.

*Thomas* for the plaintiff, *Baldwin* for the defendant.